

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERROL RUDMAN and RUDMAN           :
PARTNERS LP, On Behalf of Themselves and  :
All Others Similarly Situated,        :

          Plaintiffs,          :      15-cv-03773 [rel. 15-cv-03796] (LAK)

    -against-            :

CHC GROUP LTD., WILLIAM J. AMELIO,    :
JOAN S. HOOPER, REBECCA CAMDEN,      :
WILLIAM E. MACAULAY, JONATHAN      :
LEWIS, KENNETH W. MOORE, J.P.      :
MORGAN SECURITIES LLC, BARCLAYS    :
CAPITAL INC., UBS SECURITIES LLC,     :
HSBC SECURITIES (USA) INC., RBC      :
CAPITAL MARKETS, LLC, WELLS FARGO    :
SECURITIES, LLC, BNP PARIBAS       :
SECURITIES CORP., STANDARD BANK     :
PLC, CORMARK SECURITIES (USA) LTD.,   :
COWEN AND COMPANY, LLC,        :
RAYMOND JAMES & ASSOCIATES, INC.,    :
SIMMONS & COMPANY,           :
INTERNATIONAL, and TUDOR,        :
PICKERING, HOLT & CO. SECURITIES,    :
INC.                    :

          Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

RECEIVED
JUN 22 2017
JUDGE KAPLAN'S CHAMBERS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-28-2017

## [PROPOSED] ORDER GRANTING CONDITIONAL CLASS CERTIFICATION, AND PROVIDING FOR NOTICE

      This consolidated putative class action comes before the Court on Plaintiffs'

Unopposed Motion for Conditional Class Certification and Approval of Notice

("Motion") and on the Stipulation of Settlement dated June 16, 2017 ("Stipulation")

entered into by Plaintiffs and Defendants in the above-entitled action ("Action").  The

Court has reviewed the Motion and the Stipulation, and attached exhibits, which set forth



the terms and conditions for a proposed settlement of and for dismissal of the Action with prejudice as against the Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the attached exhibits finds that the Motion is due to be granted.

All defined terms used in this Order shall have the same meanings as set forth in the Stipulation.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.    For purposes of settlement only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court hereby certifies a Settlement Class consisting of all Persons (other than those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth herein) who purchased or otherwise acquired CHC securities pursuant and/or traceable to the Registration Statement and accompanying documents issued in connection with CHC's January 16, 2014 IPO including CHC's securities purchased in the IPO on or about January 16, 2014 or purchased on the open market during the period from January 16, 2014 through July 10, 2014, inclusive.  Excluded from the Settlement Class are Defendants, members of the Individual Defendants' Immediate Families, all current and former directors and officers of CHC during the class period, any firm, trust, partnership, corporation or entity in which any Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person or entity.  The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed

account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity (other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or affiliate's ownership or interest). Solely for the purposes of effectuating the Settlement, the Court finds and concludes that the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied as follows:

(a)  the members of the Settlements Class are so numerous that joinder of all class members is impracticable;

(b)  there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

(c)  the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class;

(d)  Lead Plaintiffs and Lead Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members; and

(e)  a class action is superior to other available methods for the fair and efficient adjudication of the controversy.



2.      If for any reason the Effective Date of the Settlement, as defined in ¶¶ 1.6, 7.1 of the Stipulation, does not occur, the Stipulation, including any amendment(s) thereof, and this Order certifying the Settlement Class solely for purposes of the Settlement shall, without the need for further action by the Court or any of the Settling Parties, be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity.  Each party shall be restored to his, her or its respective position as it existed as of November 29, 2016.  In such circumstances, each of the Settling Parties shall retain its currently existing rights to seek or to object to the certification of this litigation as a class action under Fed. R. Civ. P. 23, or any state or federal rule, statute, law, or provision, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on _Oct. 2_, 2017, at _4_ p.m., for the following purposes:

(a)     to determine whether the Court should grant final certification to the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

(b)     to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate as to the Settlement Class and should be approved by the Court;

(c)     to determine whether the Judgment as provided in ¶1.12 of the Stipulation should be entered;

-4-

(d)     to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

(e)     to determine whether any applications by Lead Counsel for attorneys' fees and/or reimbursement of expenses should be approved; and

(f)     to rule upon such other matters as the Court may deem appropriate.

4.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice (as defined below) for publication, annexed as Exhibits A-1, A-2, and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶8-9 of this Order meet the requirements of Fed. R. Civ. P. 23, the Securities Act of 1933, as amended, including the Private Securities Litigation Reform Act of 1995 and the Securities Litigation Uniform Standards Act of 1998, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5.     The date and time of the Settlement Hearing shall be added to the Notice and Summary Notice before they are mailed and published, respectively, in accordance with ¶ 8, below.

6.     This civil action was commenced after February 18, 2005.  The Court directs CHC to notify the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Counsel for CHC shall, at or before the



Settlement Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

7.       The Court appoints the firm of A.B. Data, Ltd. ("Claims Administrator"), under the supervision of Lead Counsel, to administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)       Within ten (10) calendar days following entry of this Order, CHC shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a copy of its pertinent transfer records report, in electronic form, and shareholder information for the purpose of identifying and giving notice to the Settlement Class;

(b)       Not later than fifteen (15) calendar days after receipt of the transfer records report from CHC, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-3 hereto, to be mailed by first class mail to all potential Settlement Class Members who can be identified with reasonable effort, at their last known addresses appearing in the transfer records maintained by or on behalf of CHC (the "Notice Date"), and to be posted on its website at www.chcgroupsecuritieslitigation.com;

(c)       Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-2, to be published once over the *PR Newswire*, or a similar national business-oriented newswire.  Proof of publication of the Summary Notice shall be filed prior to the Settlement Hearing and served on all counsel of record; and



(d)    Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause proof, by affidavit or declaration, of such mailing and publishing to be filed with the Court.

8.    Brokers and other nominees who purchased or otherwise acquired the securities of CHC for the beneficial ownership of Settlement Class Members during the Settlement Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of CHC securities within five (5) business days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within five (5) business days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. The Claims Administrator shall provide brokers or nominees with additional copies of the Notice and Proof of Claim upon request. Upon full compliance with this Order, such brokers or nominees may seek reimbursement of their reasonable out-of-pocket expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund in accordance with the provisions of the Stipulation.

9.    In order to be entitled to participate in the Settlement and receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall complete and submit Proofs of Claim in accordance with the



instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked and filed no later than one hundred twenty (120) calendar days after the entry of this Order. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first class mail and addressed in accordance with the instructions thereon. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late claims so long as the distribution of the Net Settlement Fund is not materially delayed thereby. As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

10.    All Settlement Class Members shall be bound by the provisions of the Stipulation and all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement



Fund, except those who are found by the Court to have previously timely and validly requested exclusion from the Settlement Class. The Persons who request exclusion from the Settlement Class will be excluded from the Settlement Class and shall have no rights under the Stipulation, shall not be entitled to submit any Proof of Claim forms, shall not share in the distribution of the Net Settlement Fund as described in the Stipulation and in the Notice, and shall not be bound by the Stipulation or the Judgment entered as to Defendants in the Action.

11.     Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall mail the request in written form, by first-class mail and postmarked no later than twenty-one (21) calendar days before the scheduled date of the Settlement Hearing discussed in Paragraph 4, to *Rudman, et al. v. CHC Group, Ltd., et al.*, EXCLUSIONS, c/o A.B. Data, Ltd. at the address specified in the Notice. The request for exclusion must be signed by such person or his, her, or its authorized representative and shall include: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of CHC common stock purchased, acquired and/or sold during the Class Period; (c) prices paid or received for such CHC common stock; (d) the date of each purchase, acquisition or sale transaction; and (e) a statement that the Person wishes to be excluded from the Settlement Class in *Rudman, et al. v. CHC Group, Ltd., et al.*, No. 15-cv-3773 (LAK) (S.D.N.Y.). Unless the Court orders otherwise, no request for exclusion shall be valid and effective unless it is made within the time set forth and in the manner described in the Notice. Any Settlement Class member who fails to timely or properly opt-out, or whose request to opt



out is not otherwise accepted by the Court, shall be deemed a Settlement Class Member, and shall be deemed by operation of law to have released all Released Claims against the Released Persons.

12.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending determination of whether the Settlement should be approved, Lead Plaintiffs, Lead Counsel and Settlement Class Members are barred and enjoined from commencing or prosecuting any Released Claims against any of the Released Persons.

13.     Any Settlement Class Member who does not request exclusion may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of the Court and deliver to Lead Counsel and counsel for CHC a notice of such appearance no later than twenty-one (21) calendar days before the Settlement Hearing.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.     All papers in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees and reimbursement of expenses shall be filed no later than thirty-five (35) calendar days prior to the Settlement Hearing.  Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

15.     Any Settlement Class Member who does not timely and properly exclude him, her, or itself from the Settlement Class may appear and show cause, if he, she or it has any reason why the Settlement should not be approved as fair, reasonable, and

adequate, why the Judgment should not be entered thereon substantially in the form annexed as Exhibit B to the Stipulation, why the Plan of Allocation should not be approved as fair, reasonable, and adequate, or why Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should not be granted; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs any such Person wishes to submit in support of any such objections and proof of membership in the Settlement Class so that it is received by Lead Counsel and Defendants' Counsel, not simply postmarked, no later than twenty-one (21) calendar days before the Settlement Hearing to each of the following:

CLERK OF THE COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

KIRBY McINERNEY LLP
Ira M. Press
825 Third Avenue
New York, NY 10022

*Lead Counsel*

DECHERT LLP
Neil A. Steiner
1095 Avenue of the Americas
New York, NY 10036

*Attorneys for Defendants CHC Group Ltd. and the Individual Defendants*

Such an objection must also include the name, address, and telephone number of the Person objecting, as well as the number of shares of CHC common stock purchased and sold during the Class Period, including proof of purchases and sales of CHC common stock. Failure to provide such information and documentation shall be grounds to void the objection. Any objector shall be subject to the jurisdiction of the Court and may be deposed by Lead Counsel and/or Defendants' Counsel. Any Person who does not make his, her or its objection in the manner provided in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court. Any papers in response to any such objections and/or in further support of the above-noted motions shall be filed no later than seven (7) calendar days before the Settlement Hearing.

16.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, returned to the Person(s) paying the same pursuant to the Stipulation and/or further order(s) of the Court.

17.    All reasonable costs and expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation without further order of the Court, up to a limit of $200,000. After the Effective Date, any notice and administration costs in excess of this amount shall be paid from the remainder of the Settlement Fund, subject to approval of Lead



Counsel, without further order of the Court. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs, nor Lead Counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶ 2.6-2.7 or 7.4 of the Stipulation for costs and expenses of providing notice and administration of the Settlement.

18.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Stipulation.

19.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

20.     The Court reserves the right to enter the Final Judgment approving the Settlement and dismissing the Consolidated Action with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

21.     Defendants shall not have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.



22.   At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of litigation expenses, shall be approved.

IT IS SO ORDERED.

DATED: _____June 28_____, 2017

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE