

RECEIVED
JUN 28 2017
JUDGE KAPLAN'S CHAMBERS

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUDMAN, ET AL., v. CHC GROUP, LTD., ET AL., | Civil Action No. 15-cv-3773 (LAK) |

**NOTICE OF SETTLEMENT OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING, AND MOTION**
**FOR AN AWARD OF ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

**A Federal Court Authorized This Notice.  This Is Not A Solicitation From A Lawyer.**

TO:   **ALL PERSONS WHO PURCHASED SHARES OF CHC GROUP LTD. ("CHC") STOCK IN THE JANUARY 16, 2014 IPO AND/OR IN THE OPEN MARKET DURING THE PERIOD FROM JANUARY 16, 2014 THROUGH AND INCLUDING JULY 10, 2014 (the "CLASS PERIOD"), YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH BELOW**[1]

- PLEASE READ THIS NOTICE CAREFULLY.

- IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

- YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.

- TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") POSTMARKED ON OR BEFORE _____ __, 2017.

- IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____ __, 2017.

- IF YOU RECEIVED THIS NOTICE ON BEHALF OF A SETTLEMENT CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT SETTLEMENT CLASS MEMBER.

YOU ARE HEREBY NOTIFIED AS FOLLOWS:[2]

A proposed Settlement has been reached by the Parties in the constituent actions that make up the consolidated class action pending in the United States District Court for the Southern District of New York (the "District Court"), which was brought on behalf of the Settlement Class.  The District Court has preliminarily certified the Settlement Class for purposes of Settlement only.  The Court has not yet ruled on the fairness, adequacy, or reasonableness of the Settlement or class counsel's

---

[1] All capitalized terms that are not defined in this Notice have the meaning ascribed to them in the Stipulation of Settlement (the "Stipulation") dated June 16, 2017, which is available on the website established for the Settlement at www.chcgroupsecuritieslitigation.com.

[2] A copy of this Notice may be found at www.chcgroupsecuritieslitigation.com.

application for an award of attorneys' fees.  You have received this Notice because the Parties' records indicate that you may be a member of the Settlement Class.  This Notice is designed to inform you of your rights, how you can submit a Claim Form, and how you can comment in favor of the Settlement or object to the Settlement.  If the Settlement is approved by the District Court, the Settlement will be binding upon you, unless you exclude yourself, even if you do not submit a Claim Form to obtain money from the Net Settlement Fund and even if you object to the Settlement.

A hearing to be held by the District Court on notice to the Settlement Class, to consider approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application (the "Settlement Hearing") will be held before the Honorable Lewis A. Kaplan, United States District Court Judge, at ____:_____ ___.m. on _____, 2017, in Courtroom 21B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES.  IT IS BASED ON CONTENTIONS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE LAWSUIT AND OF THE FINAL SETTLEMENT HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE LAWSUIT.**

## I.  BACKGROUND OF THE LAWSUIT

On or about January 16, 2014, CHC completed its initial public offering ("IPO") and sold 31 million CHC shares at a price of $10.00 per share, and a further 3 million shares through the Underwriter Defendants' exercise of an over-allotment option.

The above-captioned securities class action ("Action") alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") against CHC, certain of its executive officers and directors, and the underwriter banks that served as underwriters for CHC's January 16, 2014 initial public offering ("January 16, 2014 IPO") (collectively, "Defendants").  Specifically, the Action alleges that CHC's January 16, 2014 IPO Offering materials omitted to disclose that one of CHC's two largest customers, Petroleo Brasileiro S.A. ("Petrobras"), had stopped making payments on its contracts with CHC starting as far back as April, 2013.  CHC allegedly did not disclose this information until the July 9, 2014 Fiscal Year 2014 Fourth Quarter Conference Call.  Allegedly in response to this disclosure, CHC's stock price declined to $7.63 per share, nearly 12% below its July 9, 2014 closing price, and more than 23% below the January 16, 2014 IPO price.  As a result of the Defendants' alleged omission, and the decline in market value of CHC's securities, Plaintiffs alleged that they and other Class members suffered significant financial losses.

By order dated September 21, 2015 (the "Order") (ECF No. 32), the District Court consolidated the actions that comprise the caption of the Stipulation and appointed Errol Rudman and Rudman Partners L.P. as Lead Plaintiffs in Case No. 15 Civ. 3773.  In the same Order, the District Court further appointed Kirby McInerney LLP ("Lead Counsel") as lead counsel for the putative class in the Consolidated Action.

On December 18, 2015, Defendants moved to dismiss the Class Action Complaint ("CAC").  On January 29, 2016, Plaintiffs filed their Opposition to Defendants' motions to dismiss the CAC.  Defendants filed a joint reply in support of their motions to dismiss on February 19, 2016.

On November 7, 2016, the Court entered its Memorandum Opinion on the various motions to dismiss that had been filed in this Action.  The Court granted the Motion to Dismiss as against all Defendants except CHC and denied as to CHC only on the ground that the continuation of the Action was precluded by 11 U.S.C. § 362(a).[3]

---

[3] Lead Plaintiffs filed a Notice of Appeal on December 7, 2016.

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

Exhibit A-1

On or about November 28, 2016, the parties came to agreement in principle to settle this action for $3,850,000.  This agreement came after extensive negotiations and a mediation with Lawrence Pollack of JAMS, some of which predated the Court's November 7, 2016 Memorandum Opinion.

Defendants have denied the claims asserted against them in the Consolidated Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any of the Defendants.

Plaintiffs and Defendants, and their counsel, have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation.  The significant cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all in light of the Court's prior order granting Defendants' motion to dismiss the claims – might by achieved after a heavily contested appeals process, contested motions, a contested trial and likely further appeals, a process that could be expected to last several years into the future.  Plaintiffs and Lead Counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members.

The Settlement creates a Settlement Fund in the amount of $3,850,000 in cash, plus interest that accrues on the fund prior to distribution.  Your recovery from the Settlement Fund will depend on a number of variables, including the number of shares of CHC common stock that you purchased during the Class Period, and the timing of your purchases and sales.  Lead Plaintiffs estimate that if all eligible Claimants submit a valid Claim Form, the average distribution per damaged CHC share will be approximately $0.11 before deduction of Court-approved fees and expenses.  Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially affected shares of CHC common stock. Settlement Class Members may recover more or less than the amount estimated herein.

Plaintiffs and Defendants do not agree on the average amount of damages per CHC share that would be recoverable if Plaintiffs were to have prevailed in the Consolidated Action.  The issues on which the Parties disagree include: (1) whether the claims are barred by the statute of limitations; (2) whether Plaintiffs identified any materially misleading statements or omissions by Defendants; and (3) the extent to which the decline in CHC's share price was caused by factors other than the alleged misrepresentations or omissions.

Plaintiffs' counsel, who have been prosecuting this Consolidated Action on a wholly-contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and they have advanced the funds to pay expenses necessarily incurred to prosecute the Consolidated Action.  Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in the amount not to exceed one-third 33.33% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of litigation expenses (exclusive of administration costs) paid or incurred in connection with the prosecution and resolution of the claims against the Defendants, in an amount not to exceed $55,000 (which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to its representation of the Settlement Class).  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the Settlement is approved, and Lead Counsel's fee and expense application is granted in its entirety, the average cost per CHC share of these fees and expenses will be approximately $0.04.

Lead Plaintiffs and the Settlement Class are being represented by Kirby McInerney LLP. Any questions regarding the Consolidated Action or the Settlement should be directed to Ira Press, Esq., or Meghan Summers, Esq., at Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY 10022, (212) 371-6600.

Exhibit A-1

### Your Legal Rights and Options in the Settlement:

| | |
|---|---|
| Submit A Claim Form By [] [ ], 2017 | This is the only way to be eligible to get a payment in connection with the Settlement. |
| Exclude Yourself From The Settlement Class By Submitting A Written Request Postmarked No Later Than [ ] [ ], 2017 | If you exclude yourself from the Settlement Class, you will not be eligible to get any payment from the Net Settlement Fund. This is the only option that allows you to be part of any other lawsuit against any of the Defendants or the other Released Parties concerning the Released Claims (defined below). |
| Object To The Settlement Or The Request For Fees and Expenses By Submitting A Written Objection No Later Than [] [ ], 2017 | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the District Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Settlement Class Member and do not exclude yourself. |
| Go To The Settlement Hearing On [ ] [ ], 2017 At [ ] [ ].M., And File A Notice Of Intention To Appear No Later Than [ ] [ ], 2017 | Filing a written objection and notice of intention to appear allows you to speak in court about the fairness of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application. If you submit a written objection, you may (but do not have to) attend the hearing and speak to the District Court about your objection. |
| Do Nothing | If you are a member of the Settlement Class and you do not submit a Claim Form by [ ] [ ], 2017, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any Judgments or Orders entered by the District Court pertaining to the class actions in the Consolidated Action. |

[END OF COVER PAGE]

## II.   TERMS OF THE SETTLEMENT

The Stipulation setting forth the terms of the Settlement provides for the following:

### A.   Why Did I Get This Notice?

This Notice is being sent to you pursuant to an order of the District Court because you, someone in your family, or an investment account for which you serve as a custodian may have purchased CHC common stock during the Class Period. The District Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the District Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Counsel and approved by the Court will make payments pursuant to the Settlement and the court-approved Plan of Allocation after any objections and appeals are resolved. This Notice is also being sent to inform you of a hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the Fee and Expense Application.

In a class action lawsuit, the court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class. In the Consolidated Action, the District Court appointed Plaintiffs to serve as "Lead Plaintiffs" under a federal law governing lawsuits such as this one, and approved Plaintiffs' selection of the law firm of Kirby McInerney LLP to serve as Lead Counsel ("Lead Counsel"). The District Court has preliminarily certified the Consolidated Action to proceed as a class action for settlement purposes only and preliminarily certified the Plaintiffs as the representatives for the Settlement Class.

This Notice does not express any opinion by the District Court concerning the merits of any claim in the Consolidated Action. The District Court has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

**B.**     **What Does The Settlement Provide?**

In exchange for the release of the Released Claims against each of Defendants and the Released Parties, as well as dismissal of the litigation against Defendants, the insurer for Defendants, has agreed to pay the sum of three million, eight hundred and fifty thousand United States dollars ($3,850,000), plus interest earned thereon for the benefit of the Settlement Class. The Settlement Fund less all Taxes, Notice and Administration Costs, and Fee and Expense Award paid out of the Settlement Fund in accordance with the Stipulation, the Notice and Scheduling Order, the Final Approval Order, and any other orders of the District Court (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in a valid Proof of Claim. The Proof of Claim is described in more detail below in Section F below.

**C.**     **Am I Included In The Settlement?**

You are included in the Settlement if you purchased CHC common stock during the Class Period and were damaged thereby. Excluded from the Class are Defendants, members of the Individual Defendants' Immediate Families, all current and former directors and officers of CHC during the class period, any firm, trust, partnership, corporation or entity in which any Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded person or entity. The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity (other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or affiliate's ownership or interest). Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice (*see* pages 9-11 below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN [ ], 2017.**

Exhibit A-1

**D.     What Might Happen If There Were No Settlement?**

If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of its claims against the Defendants, neither it nor the Settlement Class would recover anything from the Defendants. Also, if the Defendants were successful in proving any of their defenses, the Settlement Class could recover substantially less than the amounts provided in the Settlement, or nothing at all.

**E.     What Is The Legal Effect Of The Settlement On My Rights?**

If you are a member of the Settlement Class, the Settlement will affect you. If the District Court grants approval of the Settlement, the Consolidated Action will be dismissed with prejudice and all Settlement Class Members will fully release and discharge the Defendants and Released Parties from all claims (as detailed below) for relief arising out of or based on Plaintiffs' allegations. When a Person "releases" claims, that means that Person cannot sue the Defendants or Released Parties for any of the claims covered by the release. If you are a Settlement Class Member and you submit a valid and timely Claim Form, you will receive a payment based upon the distribution formula described below.

**F.     What Will I Receive From The Settlement?**

At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement. Pursuant to the Settlement, the insurer for Defendants has agreed to pay $3,850,000 in cash. The settlement amount will be deposited into an interest-bearing escrow account. If the Settlement is approved by the District Court, the Net Settlement Fund will be distributed to Settlement Class Members as set forth in the proposed Plan of Allocation, or such other plan as the District Court may approve.

After approval of the Settlement by the District Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the District Court. Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on: (1) the dates you acquired or sold your CHC common stock; (2) the number of shares of CHC common stock acquired or sold and the price paid or received; (3) the expense of administering the claims process; (4) any attorneys' fees and expenses awarded by the Court; (5) interest income received and taxes paid by the Settlement Fund; (6) the number of eligible shares of CHC common stock acquired by other Settlement Class Members who submit timely and valid Proof of Claim Forms; and (7) the Recognized Losses of all other Authorized Claimants computed in accordance with the Plan of Allocation set out on pages 7-9 below.

You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation. In the event the aggregate Recognized Losses of all timely and validly submitted Proof of Claim Forms exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less than your calculated Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim Forms, the payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members who submit timely and valid Proof of Claim Forms (the "*Pro Rata* Share"). *See* the Plan of Allocation on pages 7-9 for more information on your Recognized Loss.

The Net Settlement Fund will not be distributed until the District Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

Neither the Defendants nor any other Person that paid any portion of the Settlement Amount is entitled to get back any portion of the Net Settlement Fund once the District Court's Final Approval Order and Judgment approving the Settlement becomes final. The Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Exhibit A-1

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Each Person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and including all required documentation, postmarked on or before [ ], 2017, to the address set forth in the Claim Form that accompanies this Notice.

Any Settlement Class Member who fails to submit a Claim Form postmarked on or before [ ], 2017, shall be fully and forever barred from receiving payments pursuant to the Settlement unless the District Court orders otherwise, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any Judgment entered and releases given.

The District Court has reserved jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her, or its Claim Form. Upon request of the Claims Administrator, each Person that submits a Claim Form shall subject his, her, or its Claim to investigation as to his, her, or its status as a Claimant and the allowable amount of his, her, or its Claim.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Claim Form.

**Proposed Plan Of Allocation**

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Claim Forms. If you have a net loss on all transactions in CHC common stock during the Class Period, you will be paid the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants. The calculation of Claims below is not an estimate of the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Each Authorized Claimant's Recognized Loss will be calculated as follows:

I.   For CHC shares purchased during the Class Period but prior to March 13, 2014, the claim per CHC common stock shall be as follows:

   a.   For shares sold before March 13, 2014, the Recognized Loss shall be zero.

   b.   For shares sold between March 13, 2014 and July 9, 2014, inclusive, the Recognized Loss shall be the lesser of (1) $1.19, and (2) the difference between (i) the lesser of the purchase price and $8.90, and (ii) the greater of the sale price and $7.71.

   c.   For shares not sold prior to July 10, 2014, the Recognized Loss shall be the lesser of (1) $1.27, and (2) the difference between (i) the lesser of the purchase price and $8.90, and (ii) the greater of the sale price and $7.63.

II.   For CHC shares purchased during the period from March 13, 2014 through and including July 10, 2014, the claim per CHC common stock shall be as follows:

   a.   For shares sold before July 10, 2014, the Recognized Loss shall be zero.

Exhibit A-1

    b.  For shares not sold prior to July 10, 2014, the Recognized Loss shall be the lesser of (1) $0.99, or (2) the difference between (i) the lesser of the purchase price and $8.62, and (ii) the greater of the sale price and $7.63.

Purchases and sales are matched on a last in, first out ("LIFO") basis, except that purchases that were made in order to cover short sales should be matched to the short sales they covered.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" or "payment" date. However, for shares of CHC common stock that were put to investors pursuant to put options sold by those investors, the purchase of CHC common stock shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the CHC common stock was subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from shares of CHC common stock that were purchased as a result of the exercise of the put option. Additionally, CHC common stock acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Claim arising from such transaction shall be computed as provided for other purchases of CHC common stock as set forth herein.

The receipt or grant by gift, devise or inheritance of CHC common stock during the Class Period shall not be deemed to be a purchase of CHC common stock for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the CHC common stock was received did not themselves acquire the CHC common stock during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such CHC common stock unless specifically provided in the instrument or gift or assignment.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if the Authorized Claimant had a net loss, after all profits from transactions in CHC common stock during the Class Period are subtracted from all losses from transactions in CHC common stock during the Class Period.

If an Authorized Claimant's distribution amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Distributions will be made to Authorized Claimants after all Claims have been processed and after the District Court has approved the Settlement. If there is any balance remaining in the Net Settlement Fund six months from the date of distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable efforts to have Authorized Claimants cash their distributions, and it is economically feasible, any balance remaining in the Net Settlement Fund shall be redistributed to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such redistribution after the payment of any taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. Lead Counsel shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class members in the same manner and time frame as provided for above. In the event that Lead Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer feasible, thereafter Lead Counsel shall donate the remaining funds, if any, to a non-sectarian, not-for-profit 501(c)(3) organization serving the public interest, to be designated by Lead Counsel and approved by the District Court.

Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the District Court, shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendants, and their respective counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the District Court, or further orders of the District Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the settlement funds, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any

Exhibit A-1

Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the District Court for approval. The District Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.chcgroupsecuritieslitigation.com.

### G.    Can I Decide To Opt Out Of This Settlement?

Yes.  If you do not wish to be included in the Settlement Class and you do not wish to participate in the Settlement, you may request to be excluded.  To do so, you must submit a written request for exclusion that must be signed by you or your authorized representative and postmarked on or before _____, 2017.  You must set forth: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the number of shares of CHC common stock purchased, acquired and/or sold during the Class Period; (c) prices paid or received for such CHC common stock; (d) the date of each purchase, acquisition or sale transaction; and (e) a statement that the Person wishes to be excluded from the Settlement Class.

The exclusion request should be addressed as follows:

*Rudman, et al. v. CHC Group, Ltd., et al,* EXCLUSION REQUEST
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170700
Milwaukee, WI 53217

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST AND RECEIVED WITHIN THE TIME STATED ABOVE, OR IS OTHERWISE ACCEPTED BY THE COURT.**

If you timely and validly request exclusion from the Settlement Class, (a) you will be excluded from the Settlement Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you will not be bound by any Judgment entered in the case, and (d) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the litigation.  The Defendants may withdraw from and terminate the Settlement if Settlement Class Members who purchased the requisite number of shares of CHC common stock exclude themselves from the Settlement Class.

### H.    What If A Settlement Class Member Is Deceased?

The authorized legal representative(s) of a Settlement Class Member may receive a recovery on behalf of the Settlement Class Member.

### I.    What If I Bought CHC Common Stock On Someone Else's Behalf?

If you purchased or otherwise acquired CHC common stock during the Class Period for the beneficial interest of a Settlement Class Member, you must either (a) send copies of the Notice and Claim Form to the beneficial owners of the CHC common stock within five (5) business days from the receipt of the Notice, and provide written confirmation to the Claims Administrator of such; or (2) provide the names and addresses of such persons or entities to *Rudman, et al, v. CHC Group, Ltd. et al,* c/o A.B. Data, Ltd., P.O. Box 170700, Milwaukee, WI 53217 within five (5) business days from the receipt of the Notice.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable

Exhibit A-1

expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.

Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator, www.chcgroupsecuritieslitigation.com, by calling the Claims Administrator toll-free at 866-905-8103, or from Lead Counsel's website, www.kmllp.com.

**J.     How And What Do I Do To Make Sure The Claims Administrator Has My Correct Address?**

If your address changes from the address to which this Notice was directed, you must notify the Claims Administrator of your new address as soon as possible. Failure to keep the Claims Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive. Please send your new contact information to the Claims Administrator at the address listed below and include your old address, new address, new telephone number, date of birth, and Social Security number. These last two items are required so that the Claims Administrator can verify that the address change is from an actual Settlement Class Member.

*Rudman, et al. v. CHC Group, Ltd., et al.* ADDRESS CHANGE
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170700
Milwaukee, WI 53217

**K.     What Are Plaintiffs Being Paid?**

Plaintiffs will receive only their proportionate share of the recovery, the same as all other Settlement Class Members. However, Lead Counsel may apply for the reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs in connection with the prosecution and resolution of the Consolidated Action as part of Lead Counsel's Fee and Expense Application.

**L.     What Are Plaintiffs' Counsels' Fees And Costs?**

At the Settlement Hearing, Plaintiffs' Counsel will request that the District Court award attorneys' fees not to exceed one-third (33.33%) of the Settlement Fund, plus expenses (exclusive of administration costs) not to exceed $55,000 which were incurred in connection with the litigation of the Consolidated Action, plus interest thereon, which may include the reasonable costs and expenses incurred by Lead Plaintiffs directly related to its representation of the Settlement Class, plus interest on such expenses at the same rate as earned on the Settlement Amount. Whatever amount is approved by the Court as legal fees and expenses will be paid from the Settlement Fund.

To date, Plaintiffs' Counsel have not received any payment for their services in conducting this action, nor has counsel been reimbursed for their substantial expenses. The fees requested by Plaintiffs' Counsel will compensate Plaintiffs' Counsel for their efforts in achieving the Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly-contingent basis. If the amount requested is approved by the Court, the average cost per damaged CHC share will be $0.04.

**M.     How Will the Notice Costs and Expenses Be Paid?**

Lead Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

Exhibit A-1

## III.   PLAINTIFFS AND PLAINTIFFS' COUNSEL SUPPORT THE SETTLEMENT

Plaintiffs and their Counsel believe that the claims asserted against the Defendants have merit.  Plaintiffs and their Counsel recognize, however, the expense and length of continued proceedings necessary to pursue its claims against these Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial.  Plaintiffs and their Counsel have also taken into account the possibility that the District Court would fail to certify the putative class and that the dismissal of the claims might be affirmed on appeal and have considered issues that would have been decided by a jury in the event of a trial of the Consolidated Action, including whether CHC's registration statement was materially misleading, whether all of the Settlement Class Members' losses were caused by the alleged misrepresentations or omissions and the amount of damages. Plaintiffs and their Counsel have considered the uncertain outcome and trial risk in complex lawsuits like this one, and that, even if they were successful, after the resolution of the appeals that were certain to be taken (which could take years to resolve), there may not be any funds in an amount significantly larger or even as much as the settlement amount.

In light of the value of the Settlement and the immediacy of a cash recovery to the Settlement Class, Plaintiffs and their Counsel believe that the proposed Settlement is fair, reasonable, and adequate. Indeed, Plaintiffs and their Counsel believe that the Settlement achieved is an excellent result and in the best interests of the Settlement Class. The Settlement, which provides an immediate $3,850,000 in cash (less the various deductions described in this Notice), individually and collectively provides substantial benefits now as compared to the risk that a similar, smaller, or no recoveries would be achieved after a trial and appeals, possibly years in the future.

## IV.   WHAT OPPORTUNITY WILL I HAVE TO GIVE MY OPINION ABOUT THE SETTLEMENT?

### A.   How Can I Object To The Settlement, Plan of Allocation and Fee and Expense Application?

Any Settlement Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or the Fee and Expense Application.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____ __, 2017.  Your written objection should include all reasons for the objection, including any legal and evidentiary support you wish to bring to the Court's attention.  The objection must also include your name, address, telephone number, and the number of shares of CHC common stock you purchased and sold during the Class Period, including proof of your purchases and sales of CHC common stock. You must also serve the papers on designated representative Lead Counsel and Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are *received* on or before _____ __, 2017.

To be considered, your objection must be filed with the Office of the Clerk's Office no later than _____ __, 2017, to:

Exhibit A-1

| Clerk's Office | Defendants' Counsel | Lead Counsel |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007<br>Re: *Rudman, et al v. CHC Group, Ltd., et al.,*<br>Case No. 15 Civ. 3773 (LAK) | Andrew J. Levander, Esq.<br>Neil A. Steiner, Esq.<br>Andrew Spievack, Esq.<br>Sarah Lyons, Esq.<br>**Dechert LLP**<br>1095 Avenue of the Americas<br>New York, NY  10036<br><br>*Counsel for Defendants CHC Group Ltd., William J. Amelio, Joan S. Hooper, Rebecca Camden, William E. Macaulay, Jonathan Lewis and Kenneth W. Moore*<br><br>Charles S. Duggan, Esq.<br>Andrew Ditchfield, Esq.<br>Alyssa Beaver Gomez, Esq.<br>**Davis Polk & Wardwell LLP**<br>450 Lexington Avenue<br>New York, New York 10017<br><br>*Counsel for Defendants J.P. Morgan Securities LLC, Barclays Capital Inc., UBS Securities LLC, HSBC Securities (USA) Inc., RBC Captial Markets, LLC, Wells Fargo Securities LLC, BNP Paribas Securities Corp., Standard Bank Plc, Cormark Securities (USA) Ltd., Cowen and Company, LLC Raymond James & Associates, Inc., Simmons & Company, International (Piper Jaffray & Co., as successor in interest) and Tudor, Pickering, Holt & Co. Securities Inc.* | Ira M. Press, Esq.<br>Meghan J. Summers, Esq.<br>**Kirby McInerney LLP**<br>825 Third Avenue,<br>16th Floor<br>New York, NY 10022<br><br>*Counsel for Lead Plaintiffs and the Class* |

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

If you file an objection to the Settlement, Plan of Allocation, and/or the Fee and Expense Application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. You are not required, however, to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or the Fee and Expense Application, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

**Unless the District Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Plaintiffs' Fee and Expense Application. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

**B.**     <u>What Rights Am I Giving Up By Remaining In The Class?</u>

If you remain in the Settlement Class, you will be bound by any orders issued by the District Court. For example, if the District Court approves the Settlement, the District Court will enter the Final Approval Order and Judgment. The Final Approval Order and Judgment will dismiss with prejudice the claims against the Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other members of the Settlement Class on behalf of themselves, their respective heirs, executors, administrators, predecessors, successors, and assigns, among others, shall be deemed by operation of law to have fully granted and completely discharged, dismissed with prejudice, settled and released, and agreed to be barred by a permanent injunction from the assertion of, Released Claims against any of the Released Parties and their attorneys.

"Released Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, disgorgement, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under the Securities Act and claims arising under the Securities Exchange Act of 1934, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), whether or not concealed or hidden, that (i) have been or could have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons (as defined below), or (ii) could have been or in the future could be asserted in any other forum, whether foreign or domestic, by the Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, directors, managing directors, officers, employees, partners, principals, agents, members, managing members, controlling shareholders, attorneys, accountants or auditors, financial and other advisors or consultants, banks or investment bankers, personal or legal representatives, underwriters, insurers, co-insurers, reinsurers, lenders, and any other representatives of any of these persons and entities, against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) the IPO; (b) the allegations, transactions, facts, matters or occurrences, representations or alleged omissions involved in the Action, or set forth or referred to in the Complaint, or (c) the purchase, acquisition, disposition, sale or retention of, or other transaction in, CHC securities during the Settlement Class Period, including, without limitation, claims that arise out of, are based upon or relate to in any way any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by, on behalf of, attributable to or concerning CHC during the Class Period. "Released Claims" further includes (i) any right to appeal the November 7, 2016 Order dismissing the Complaint in its entirety and (ii) any and all claims arising out of, based upon or related in any way to the settlement or resolution of the Action, except for any alleged breaches of the Stipulation.

"Related Parties" means, with respect to the Defendants, each and all of their respective past or present, direct or indirect parents, subsidiaries, affiliates, controlling or majority shareholders (including each member of a control group), financial

Exhibit A-1

sponsors, successors and assigns, and each and all of their respective past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, affiliated funds, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or Individual Defendant's Immediate Family.

"Released Parties" means each and all of the Defendants and their Related Parties.

"Unknown Claims" means any claims that Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this settlement.

Lead Plaintiff, on behalf of himself and the Settlement Class Members, further affirms, and by operation of the Judgment the Settlement Class Members will be deemed to affirm, that no fact, evidence, event or transaction currently unknown to them but that hereafter may become known to them shall affect in any way or manner the final and unconditional nature of this Release. Lead Plaintiff, on behalf of himself and the Settlement Class Members, further acknowledges that he is familiar, and by operation of the Judgment the Settlement Class Members shall be deemed to be familiar, with the provisions of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN THE CREDITOR'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY THE CREDITOR, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff, on behalf of himself and the Settlement Class Members, being aware of California Civil Code § 1542, hereby expressly waives, and by operation of the Judgment the Settlement Class Members shall be deemed to have waived, any rights they may have thereunder, as well as any other statutes or common law principles of similar effect.

Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the settlement of which this release is a material and essential part.

## V.   SETTLEMENT HEARING

The District Court will hold a Settlement Hearing at ___:_____ ___.m. on _____, 2017 in Courtroom 21B of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, to determine whether the Settlement should be approved as fair, reasonable, and adequate. The District Court will also be asked to approve the proposed Plan of Allocation and the Fee and Expense Award. The District Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

Exhibit A-1

**Settlement Class Members do not need to attend the Settlement Hearing.  The District Court will consider any submission made in accordance with the provisions in this Notice even if the Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.**

## VI.    GETTING MORE INFORMATION

This Notice is a summary and does not describe all of the details of the Stipulation.  For precise terms and conditions of the Settlement, you may review the Stipulation filed with the District Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, at www.chcgroupsecuritieslitigation.com, or from Lead Counsel's website, www.kmllp.com.  Settlement Class Members without access to the internet may be able to review this document online at locations such as a public library.

If you have any questions about the settlement of the Consolidated Action, you may contact Lead Counsel:

Ira M. Press
Meghan J. Summers
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600

You may also call or write to the Claims Administrator at *Rudman et al., v. CHC Group, Ltd., et al.*, c/o A.B. Data, Ltd., P.O. Box 170700, Milwaukee, WI 53217, email the Claims Administrator at info@chcgroupsecuritieslitigation.com, or call 866-905-8103, stating that you are requesting assistance regarding the CHC Group litigation.

**DO NOT TELEPHONE OR WRITE THE DISTRICT COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

DATED: _____, 2017

BY ORDER OF THE DISTRICT COURT,
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK