Exhibit A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDMAN, ET AL., v. CHC GROUP, LTD., ET AL., | Civil Action No. 15-cv-3773 (LAK) |

## PROOF OF CLAIM AND RELEASE

I.  **GENERAL INSTRUCTIONS**

1. To recover as a member of the Settlement Class based on your claims in the action entitled *Rudman, et al. v. CHC Group, Ltd., et al.*, 15 Civ. 3773 (the "Consolidated Action"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release Form (the "Claim Form"). If you fail to file a properly addressed Claim Form (as set forth in section 3 below), your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Consolidated Action.[1]

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement in the Consolidated Action.

3. YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____, 2017, ADDRESSED AS FOLLOWS:

*Rudman, et al., v. CHC Group, Ltd., et al.*,
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170700
Milwaukee WI 53217

---

[1] Otherwise undefined terms have the definitions provided in the Stipulation of Settlement, dated June 16, 2017 (the "Stipulation").

-1-

Exhibit A-3

If you are NOT a Member of the Settlement Class, as defined in the Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Claim Form.

4. If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Consolidated Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II. DEFINITIONS

1. "Defendants" means defendants CHC Group Ltd., William J. Amelio, Joan S. Hooper, Rebecca Camden, William E. Macaulay, Jonathan Lewis, Kenneth W. Moore, J.P. Morgan Securities LLC, Barclays Capital Inc., UBS Securities LLC, HSBC Securities (USA) Inc., RBC Capital Markets, LLC, Wells Fargo Securities, LLC, BNP Paribas Securities Corp., Standard Bank Plc, Cormark Securities (USA) Ltd., Cowen and Company, LLC, Raymond James & Associates, Inc., Simmons & Company, International (Piper Jaffray & Co., as successor in interest) and Tudor, Pickering, Holt & Co. Securities, Inc.

2. "Released Persons" and "Released Claims" are defined below.

## III. CLAIMANT IDENTIFICATION

1. If you purchased shares of CHC Group Ltd. ("CHC") stock in the January 16, 2014 initial public offering ("IPO") and/or in the open market during the period from January 16, 2014 through and including July 10, 2014 (the "Class Period") and held the CHC common stock in your name, you are the beneficial purchaser, as well as the record purchaser. If, however, the CHC common stock was registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2. In Section IV below, use Part I of the form entitled "Claimant Identification" to identify each purchaser of record, if different from the beneficial purchaser of the CHC common

Exhibit A-3

stock that forms the basis of this Claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF CHC COMMON STOCK UPON WHICH THIS CLAIM IS BASED, *NOT* THE RECORD PURCHASER.

3. All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

IV. **CLAIM FORM**

1. Use Part II of this Claim Form, entitled "Schedule of Transactions in CHC Common Stock," to supply all required details of your transaction(s) in CHC common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2. On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of CHC common stock that took place in the January 16, 2014 IPO and/or in the open market during January 16, 2014 and July 10, 2014, both dates inclusive (the "Settlement Class Period"), whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

Exhibit A-3

3. List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of CHC common stock. The date of a "short sale" is deemed to be the date of sale of CHC common stock.

5. Broker confirmations or other documentation of your transactions in CHC common stock **must** be attached to your Claim. Do **not** send original documents, including security certificates. If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the Claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

Exhibit A-3

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

*Rudman, et al., v. CHC Group, Ltd., et al.,*

Civil Action No. 15-Civ-3773 (LAK)

## CLAIM FORM

Must be Postmarked No Later Than:

_____ \_\_, 2017

Please Type or Print

PART I:   CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____            _____    _____
City                                          State         Zip Code

_____            _____
Foreign Province                              Foreign Country

                                              _____ Individual
_____
Social Security Number or                     _____ Corporation/Other
Taxpayer Identification Number

                                              _____ (work)
_____       _____
Area Code        Telephone Number

                                              _____ (home)
_____       _____
Area Code        Telephone Number

_____
Record Owner's Name (if different from beneficial owner listed above)

-5-

Exhibit A-3

PART II:   SCHEDULE OF TRANSACTIONS IN CHC COMMON STOCK

A.   Purchases of CHC common stock from January 16, 2014 through October 8, 2014, inclusive (excluding short sales):[2]

| Trade Date (Mo./Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Net Purchase Price (less commissions and fees) | Identify if shares acquired pursuant to: (1) sale of put options; (2) corporate merger or acquisition; (3) employee shares; (4) cover of short position; or (5) exercise of call option during Class Period[3] |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.   Sales from January 16, 2014 through October 8, 2014, inclusive (excluding short sales):

| Trade Date (Mo./Day/Year) | Number of Shares Sold | Sale Price Per Share | Net Sale Price (less commissions and fees) | Share Sold Short (Y/N) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

C.   Number of CHC common stock held at close of trading on October 8, 2014: _____

---

[2] Information requested with respect to your purchases of CHC common stock from July 11, 2014 through and including October 8, 2014 is needed in order to balance your claim; purchases after July 10, 2014 are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[3] If you indicate that the purchase or sale was the result of the exercise or assignment of an options contract, you must provide documentation to support both the options purchase or sale and the exercise or assignment to purchase common stock.

Exhibit A-3

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE 11

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York with respect to my Claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Consolidated Action. I (We) agree to furnish additional information to Lead Counsel to support this Claim if required to do so. I (We) have not submitted any other Claim covering the same purchases or sales of CHC common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## VI.   RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of the "Related Parties," defined as, whether or not each or all of the following Persons or entities were named in the Consolidated Action or any related suit, with respect to the Defendants, each and all of their respective past or present, direct or indirect parents, subsidiaries, affiliates, controlling or majority shareholders (including each member of a control group), financial sponsors, successors and assigns, and each and all of their respective past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants,

auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, affiliated funds, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or Individual Defendant's Immediate Family. "Released Persons" is each and all of the Defendants and their Related Parties.

2. "Released Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, disgorgement, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under the Securities Act and claims arising under the Securities Exchange Act of 1934, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), whether or not concealed or hidden, that (i) have been or could have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons, or (ii) could have been or in the future could be asserted in any other forum, whether foreign or domestic, by the Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, directors, managing directors, officers, employees, partners, principals, agents, members, managing members, controlling shareholders, attorneys, accountants or auditors, financial and other advisors or consultants, banks or investment bankers,

Exhibit A-3

personal or legal representatives, underwriters, insurers, co-insurers, reinsurers, lenders, and any other representatives of any of these persons and entities, against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) the IPO; (b) the allegations, transactions, facts, matters or occurrences, representations or alleged omissions involved in the Action, or set forth or referred to in the Complaint, or (c) the purchase, acquisition, disposition, sale or retention of, or other transaction in, CHC securities during the Settlement Class Period, including, without limitation, claims that arise out of, are based upon or relate to in any way any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by, on behalf of, attributable to or concerning CHC during the Class Period. "Released Claims" further includes (i) any right to appeal the November 7, 2016 Order dismissing the Complaint in its entirety and (ii) any and all claims arising out of, based upon or related in any way to the settlement or resolution of the Action, except for any alleged breaches of the Stipulation.

3. "Unknown Claims" means any claims that Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her, or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this settlement. Lead Plaintiff, on behalf of himself and the Settlement Class Members, further affirms, and by operation of the Judgment the Settlement Class Members will be deemed to affirm, that no fact, evidence, event or transaction currently unknown to them but that hereafter may become known to them shall affect in any way or manner the final and unconditional nature of this Release. Lead Plaintiff, on behalf of himself and the Settlement Class Members, further acknowledges that he is familiar, and by operation of

Exhibit A-3

the Judgment the Settlement Class Members shall be deemed to be familiar, with the provisions of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN THE CREDITOR'S FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY THE CREDITOR, MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Lead Plaintiff, on behalf of himself and the Settlement Class Members, being aware of California Civil Code § 1542, hereby expressly waives, and by operation of the Judgment the Settlement Class Members shall be deemed to have waived, any rights they may have thereunder, as well as any other statutes or common law principles of similar effect. Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs upon the Effective Date shall expressly, fully, finally, and forever settle and release and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and a key element of the settlement of which this release is a material and essential part.

Exhibit A-3

4. This release shall be of no force or effect unless and until the District Court approves the Stipulation and it becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in CHC common stock that occurred during the Class Period, as well as the number and type of CHC common stock held by me (us) at the opening of trading on January 16, 2014, and at the close of trading on July 10, 2014.

_____          _____
Name                               Date

Exhibit A-3

## ACCURATE CLAIMS PROCESSING TAKES A

## SIGNIFICANT AMOUNT OF TIME.

## THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach supporting documentation, if available.

3. Do not send original CHC common stock certificates or originals of any supporting documents.

4. Keep a copy of your Claim Form and all documentation submitted for your records.

5. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

If you move, please send your new address to the Claims Administrator at the address below:

*Rudman, et al., v. CHC Group, Ltd, et al.,*
Claims Administrator
c/o A.B. Data, Ltd.
P.O. Box 170700
Milwaukee, WI 53217