UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10-1-18

------------------------------------- X

ERROL RUDMAN and RUDMAN
PARTNERS LP, On Behalf of Themselves and
All Others Similarly Situated,

   Plaintiffs,

 -against-

CHC GROUP LTD., WILLIAM J. AMELIO,
JOAN S. HOOPER, REBECCA CAMDEN,
WILLIAM E. MACAULAY, JONATHAN
LEWIS, KENNETH W. MOORE, J.P.
MORGAN SECURITIES LLC, BARCLAYS
CAPITAL INC., UBS SECURITIES LLC,
HSBC SECURITIES (USA) INC., RBC
CAPITAL MARKETS, LLC, WELLS FARGO
SECURITIES, LLC, BNP PARIBAS
SECURITIES CORP., STANDARD BANK
PLC, CORMARK SECURITIES (USA) LTD.,
COWEN AND COMPANY, LLC,
RAYMOND JAMES & ASSOCIATES, INC.,
SIMMONS & COMPANY,
INTERNATIONAL, and TUDOR,
PICKERING, HOLT & CO. SECURITIES,
INC.

   Defendants.

------------------------------------- X

15-cv-03773 [rel. 15-cv-03796] (LAK)

## [~~PROPOSED~~] FINAL JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Granting Conditional Class Certification and Providing for Notice dated June 28, 2017 ("Notice and Scheduling Order"), and the Court having received declarations attesting to the mailing of the Notice and the publication of the Summary Notice in accordance with the Notice and Scheduling Order, on the application of the Settling Parties for approval of the settlement ("Settlement") set forth in the Stipulation of Settlement dated as of June 16, 2017 ("Stipulation"),

the proposed Plan of Allocation of the Settlement proceeds, Lead Counsel's application for an award of attorneys' fees and administrative expenses and, following a hearing on <u>October 2</u>, 2017 before this Court to consider the applications, all supporting papers and arguments of the Settling Parties, ~~the objections, supporting papers and arguments submitted by~~ _____, and other proceedings held herein, and good cause appearing therefore,

IT IS HEREBY ADJUDGED, DECREED AND ORDERED:

1. This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Final Judgment as if set forth fully herein.

2. The Court has jurisdiction over the subject matter of this Action and all parties to the Action, including all Settlement Class Members.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Lead Counsel's application for an award of attorneys' fees and/or reimbursement of expenses, as directed by this Court's Notice and Scheduling Order, and that the forms and methods for providing such notice to Settlement Class Members:

    (a)    constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort;

    (b)    was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this class action and the right to exclude themselves from the Settlement Class; (ii) their right to

object to any aspect of the proposed Settlement, including the terms of the Stipulation and the Plan of Allocation; (iii) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (iv) the binding effect of the proceedings, rulings, orders and judgments in this Action, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Class;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1933 (as amended by the PSLRA), due process, and all other applicable laws.

4. Pursuant to Federal Rules of Civil Procedures 23(a) and (b)(3), and for settlement purposes only, the Court hereby grants final certification of the Settlement Class consisting of all Persons (other than those Persons who timely and validly requested exclusion from the Settlement Class) who purchased or otherwise acquired CHC securities pursuant and/or traceable to the Registration Statement and accompanying documents issued in connection with CHC's January 16, 2014 IPO including CHC's securities purchased in the IPO on or about January 16, 2014 or purchased on the open market during the period from January 16, 2014 through July 10, 2014, inclusive. Excluded from the Settlement Class are Defendants, members of the Individual Defendants' Immediate Families, all current and former directors and officers of CHC during the class period, any firm, trust, partnership, corporation, or other entity in which any Defendant has a controlling interest and the legal representatives, affiliates, heirs, successors-in-interest or

assigns of any such excluded person or entity. The foregoing exclusion shall not cover "Investment Vehicles," which for these purposes shall mean any investment company, pooled investment fund or separately managed account (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which any Underwriter Defendant or any of its affiliates has or may have a direct or indirect interest or as to which any Underwriter Defendant or any of its affiliates may act as an investment advisor, general partner, managing member, or in other similar capacity (other than an investment vehicle of which the Underwriter Defendant or any of its affiliates is a majority owner or holds a majority beneficial interest and only to the extent of such Underwriter Defendant's or affiliate's ownership or interest).

5. The Settlement Class excludes those Persons who timely and validly filed requests for exclusion from the Settlement Class pursuant to the Notice sent to Settlement Class Members as provided in this Court's Notice and Scheduling Order. A list of such Persons who filed timely, completed and valid requests for exclusion from the Settlement Class is attached hereto as Exhibit 1. Persons who filed timely, completed and valid requests for exclusion from the Settlement Class are not bound by this Final Judgment or the terms of the Stipulation, and may pursue their own individual remedies against Defendants and the Released Persons. Such persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Stipulation.

6. With respect to the Settlement Class, the Court finds, for settlement purposes only, that:

    (a) the Settlement Class Members satisfy all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

(a)

(i) the members of the Settlements Class are so numerous that joinder of all class members is impracticable;

(ii) there are questions of law and fact common to the Settlement Class;

(iii) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; and

(iv) Lead Plaintiffs and Lead Counsel will fairly and adequately represent and protect the interests of all of the Settlement Class Members;

(b) the Action satisfies the requirement of Federal Rule of Civil Procedure 23(b)(3) in that there are questions of law and fact common to the Settlement Class Members that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(c) Lead Plaintiffs possess claims that are typical of the claims of Settlement Class Members and that they have and will adequately represent the interests of Settlement Class Members and appoints them as the representatives of the Settlement Class, and appoints Lead Counsel as counsel for the Settlement Class.

7. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Defendant, or any other Released Persons, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. Lead Counsel, Lead Plaintiffs, the

Escrow Agent, and the Claims Administrator shall have no liability to any Settlement Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Settlement Class Members.

8. Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and all Settlement Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel, with the assistance of an experienced mediator; the amount of the recovery for Settlement Class Members is within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of nonrecovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; and the recommendation of the Settling Parties, in particular experienced Lead Counsel. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Final Judgment in this Action.

9. This Court hereby approves the Plan of Allocation as set forth in the Notice as fair and equitable, and overrules all objections to the Plan of Allocation, if any, in their entirety. The Court directs Lead Counsel and the Claims Administrator to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a

proposed final distribution order for the distribution of the Net Settlement Fund to eligible Settlement Class Members, as provided in the Stipulation and Plan of Allocation.

10. This Court hereby awards Lead Counsel reimbursement of their out-of-pocket expenses in the amount of $ _12,723.86_ , and attorneys' fees ~~equal to ___% of the~~ *in the amount of* *$586,047.76* ~~balance of the Settlement Fund~~, with interest to accrue on all such amounts at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Final Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation. The foregoing amounts shall be paid to Lead Counsel from the Settlement Fund pursuant to the terms of the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Settlement Class Members through the Settlement; and (g) the absence of a significant number of objections from Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Lead Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Lead Counsel were reasonable and necessary in the prosecution of this Action on behalf of Settlement Class Members.

11. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members.

12. All payments of attorneys' fees and reimbursement of expenses to Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Persons shall have no liability or responsibility for the payment of any of Lead Counsel's attorneys' fees or expenses

13. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all Settlement Class Members who have not filed timely, completed and valid requests for exclusion from the Settlement Class are thus Settlement Class Members who are bound by this Final Judgment and by the terms of the Stipulation.

14. The Released Persons are hereby released and forever discharged from any and all of the Released Claims. As provided in the Stipulation:

    (a) "Released Claims" means any and all claims, debts, demands, rights, liabilities, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, restitution, rescission, disgorgement, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory, common law, foreign law, or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including, without limitation, claims arising under the Securities Act and claims arising under the Securities Exchange Act of 1934, whether class or individual in nature, including both known claims and Unknown Claims (as defined in ¶ 14(d)), whether or not concealed or hidden, that (i) have been or could have been asserted in this Action or in the Complaint by the Plaintiffs against any of the Released Persons (as

defined below), or (ii) could have been or in the future could be asserted in any other forum, whether foreign or domestic, by the Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, directors, managing directors, officers, employees, partners, principals, agents, members, managing members, controlling shareholders, attorneys, accountants or auditors, financial and other advisors or consultants, banks or investment bankers, personal or legal representatives, underwriters, insurers, co-insurers, reinsurers, lenders, and any other representatives of any of these persons and entities, against any of the Released Persons that arise out of, or are based upon or related in any way to: (a) the allegations, transactions, facts, matters or occurrences, representations or alleged omissions involved in the Action, or set forth or referred to in the Complaint, or (b) the purchase, acquisition, disposition, sale or retention of, or other transaction in, CHC securities during the Settlement Class Period, including, without limitation, claims that arise out of, are based upon or relate to in any way any disclosures, Securities and Exchange Commission filings, press releases, registration statements, offering memoranda, or other public statements by, on behalf of, attributable to or concerning CHC during the Class Period. "Released Claims" further includes (i) any right to appeal the November 7, 2016 Order dismissing the Complaint in its entirety and (ii) any and all claims arising out of,

based upon or related in any way to the settlement or resolution of the Action, except for any alleged breaches of this Stipulation.

(b) "Released Persons" means each and all of the Defendants and their Related Parties.

(c) "Related Parties" means, with respect to the Defendants, each and all of their respective past or present, direct or indirect parents, subsidiaries, affiliates, controlling or majority shareholders (including each member of a control group), financial sponsors, successors and assigns, and each and all of their respective past or present directors, officers, employees, partners, members, principals, agents, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants, auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, executors, estates, administrators, related or affiliated entities, affiliated funds, any entity in which a Defendant has a controlling interest, any members of any Individual Defendant's Immediate Family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or Individual Defendant's Immediate Family.

(d) "Unknown Claims" means any claims that Lead Plaintiffs or any Settlement

Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons that, if known by him, her,

or it, would or might have affected his, her, or its settlement with and release of the Released Persons, or would or might have affected his, her, or its decisions with respect to this settlement.

Lead Plaintiff and the Settlement Class Members are hereby deemed to affirm that no fact, evidence, event or transaction currently unknown to them but that hereafter may become known to them shall affect in any way or manner the final and unconditional nature of this Release, and are further hereby deemed to have waived any rights they may have under California Civil Code § 1542 as well as any other statutes or common law principles of similar effect.

Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs and each Settlement Class Member, upon the Effective Date, shall by operation of this Final Judgment have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

15. All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Persons. All Settlement Class Members are bound by

paragraph 4.4 of the Stipulation and are hereby forever barred and enjoined from taking any action in violation of that provision.

16. The Court hereby dismisses with prejudice the Action and all Released Claims against each and all Related Persons. Such dismissal is without costs to any of the Settling Parties as against the others; except as provided in the Stipulation.

17. Neither this Final Judgment, the Stipulation nor the settlement contained therein, the Supplemental Agreement, nor any negotiations or proceedings connected thereto, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is admissible in any proceeding except an action to enforce or interpret the terms of the Stipulation, the settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Defendants and/or the other Released Persons may file the Stipulation and/or this Final Judgment and Order in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. The Court finds that the complaints filed in the Action were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, et seq., as amended ("PSLRA") and Rule 11 of the Federal Rules of Civil Procedure. The

Exhibit B

Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19.     Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund; (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Lead Counsel in connection with administration and distribution of the Net Settlement Fund; (d) payment of taxes by the Settlement Fund; (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

20.     Neither appellate review nor modification of the Plan of Allocation set forth in the Notice, nor any action in regard to the motion by Lead Counsel for attorneys' fees and/or reimbursement of expenses and the award of costs and expenses, shall affect the finality of any other portion of this Final Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Final Judgment.

21.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants' insurer, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. This Final Judgment and Order is a final judgment in the Action as to all claims asserted.

23. Without further approval from the Court, the settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Final Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED: 9/20, 2018 ~~2017~~

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Exhibit 1 – Exclusions

✗ None